6 F.3d 786
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Stanley LOWENSTEIN, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5054.
 United States Court of Appeals, Federal Circuit.
 Sept. 3, 1993.
Rehearing Denied Oct. 15, 1993.
 
 Before ARCHER, RADER, and SCHALL, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Stanley Lowenstein appeals from the order of the United States Claims Court[1] (No. 586-88T, Oct. 30, 1992) denying his motion for summary judgment that he was entitled to a larger income tax refund for tax year 1980 and granting summary judgment to the United States. We affirm.
 
 DISCUSSION
 
 2
 A. Lowenstein was a limited partner in Bedford Associates Limited (Associates), which was formed on November 5, 1980 for purposes of investing in a federally financed housing project that was to be built and owned by Bedford Towers Apartments, Ltd. (Towers). In 1980, Towers filed a return claiming a partnership loss of $264,654.00. In the same year, Associates filed a return claiming a loss of $375,747.00 comprising a 97 percent share of Towers's losses and other deductions. In his 1980 personal income tax return, Lowenstein claimed losses of $29,158.00 based on his 7.76 percent share in Associates.
 
 
 3
 Lowenstein's 1980 return was audited by the IRS and he was notified of a proposed deficiency in tax of $17,662, based substantially on the disallowance of his share of Associates's loss, which in turn reflected adjustments to the Towers partnership loss. Leonard Levine, another limited partner with a 7.76 percent share in Associates, received a notice of tax deficiency from the IRS reflecting, inter alia, a reduced loss from Associates. Eventually Levine settled with the IRS. The settlement contained no computations of Levine's allowable loss, but described the manner in which such loss would be determined.
 
 
 4
 Lowenstein agreed to a settlement with the IRS based on the settlement it reached with Levine. The IRS sent to Lowenstein's representative an "Offer of Waiver and Restrictions on Assessment and Collection of Deficiency in Tax and of Acceptance of Overassessment" (IRS Form 870-AD), a Closing Agreement (IRS Form 906), and a document detailing the allowable deductions. The 870-AD and 906 forms were signed and returned.
 
 
 5
 B. Form 870-AD permits the settlement agreement between the IRS and the taxpayer to be reopened where "an important mistake in mathematical calculation" has been made. Lowenstein argues that such a mistake occurred in this case because he did not receive the same amount of allowable deductions as Levine, an identically situated limited partner. Therefore, according to Lowenstein, the agreement should be reopened.
 
 
 6
 In calculating the amount that appeared on Lowenstein's Form 870-AD, the IRS took account of the Towers loss that was set forth in the Form 906 closing agreement with Levine. The IRS also included certain adjustments to Associates's losses that were different from the ones used in the Levine case. To the extent that these adjustments did not correspond exactly with the ones used in the Levine case, they were not "an important mistake in mathematical calculation." The IRS did not miscompute the adjustment allowed to Lowenstein; rather, it treated certain adjustments differently for Levine and for Lowenstein. The Claims Court stated, and we agree, that determining whether the IRS "followed the same procedure in [Lowenstein's] case as that employed in the [Levine case], is not an exercise in finding an error in arithmetic, but rather one of determining why the [IRS] used or omitted the figures [it] chose to employ" in the agreement.
 
 
 7
 We therefore are persuaded that the Claims Court correctly held that the agreed settlement with the IRS may not be reopened.[2]
 
 
 
 [1]
 The Claims Court was renamed the Court of Federal Claims on October 29, 1992. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, Sec. 902(a), 106 Stat. 4506, 4516
 
 
 [2]
 Because Lowenstein raises for the first time in his reply brief that the agreement should be reformed on the basis of mutual mistake, and he did not raise this issue below, we do not consider it on appeal